# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SHARI DANIELLE ELKS, | ) |
| | ) |
| Plaintiff, | ) No. 3:12-cv-00839 |
| v. | ) Chief Judge William J. Haynes, Jr. |
| | ) |
| CDB, INC. 401(k) PLAN, | ) |
| SAVANNAH DiGREGORIO, and | ) |
| RACHEL DiGREGORIO, | ) |
| | ) |
| Defendants. | ) |

## CONSENT ORDER AND JUDGMENT

Come now Plaintiff Shari Danielle Elks ("Plaintiff"), by and through counsel, Defendant CDB, Inc. 401(k) Plan ("CDB"), by and through counsel, Defendant Savannah DiGregorio, appearing *pro se,* and Defendant Rachel DiGregorio ("Rachel DiGregorio"), appearing *pro se*, and consent to the entry of this Consent Order and Judgment by this Court to resolve all matters in controversy in this action between them.

Plaintiff filed a Complaint for Declaratory Judgment pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA") praying that the Court declare the Plaintiff to be the sole beneficiary to the 401(k) Plan benefits of her deceased husband, William Joel DiGregorio (the "Deceased").

Prior to his marriage, on October 29, 1993, Decedent filed a beneficiary designation with the Plan naming his daughters, Defendants Savannah DiGregorio and Rachel DiGregorio, as the beneficiaries to be paid the benefits to which he was entitled under the Plan at the time of his death. At the time of Decedent's death, no beneficiary waiver documentation had ever been submitted to the Plan giving Ms. Elks' consent for the Decedent's 1993 beneficiary designation naming Decedent's daughters.

All Defendants submit to the jurisdiction of this Court over them and the subject matter of this action.

Defendant CDB has not answered the Complaint, but would state that it has taken no position as to whom is the rightful beneficiary of the Deceased's 401(k) Plan benefits.

Defendants Rachel DiGregorio and Savannah DiGregorio have not answered the Complaint, nor do they admit any of the allegations in the Complaint, but agree to stipulate and resolve all matters in controversy in this action, including any counterclaims, cross-claims, or affirmative defenses that could have been raised by the Defendants.

All parties consent to the entry of this Consent Order and Judgment by this Court to resolve all matters in controversy arising from the facts and circumstances alleged in the Complaint in this action between them.

NOW THEREFORE, upon consideration of the record herein, and as agreed to by the parties hereto, the Court finds that it has jurisdiction to enter this Consent Order and Judgment, and being fully advised in the premises, it is ORDERED, ADJUDGED, and DECREED that:

1. Plaintiff shall be the sole beneficiary to the 401(k) Plan benefits of William Joel DiGregorio.

2. Defendant CDB shall, within thirty (30) days of the entry of this Order, deposit the 401(k) Plan benefits of William Joel DiGregorio into an individual retirement account ("IRA") that shall be designated by Elks at a financial institution of Elks' choosing.

3. Contemporaneously with this Consent Order and Judgment, the Parties shall enter into a Confidential Settlement Agreement and Release, with each party releasing all other parties from any and all claims that were raised or could have been raised in this litigation.

4. The Plaintiff's Complaint for Declaratory Judgment shall be dismissed with prejudice.

5. Each Party agrees to bear its own attorneys' fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding.

6. This Court shall retain jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

IT IS SO ORDERED.

Entered this 16th day of November, 2012.

Judge William J. Haynes, Jr.